IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| SHENA MILLER, | : | |
| | : | |
| Claimant, | : | |
| | : | |
| v. | : | CASE NO. 3:08-CV-85-CDL-GMF |
| | : | Social Security Appeal |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Respondent. | : | |

## REPORT AND RECOMMENDATION

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ) determination, denied Claimant's application for social security disability benefits, finding that she was not disabled within the meaning of the Social Security Act and Regulations. Claimant contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996 (11th Cir. 1987). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971). The court's role in reviewing claims brought under the Social

Security Act is a narrow one. The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth*, 703 F.2d at 1239. However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

The initial burden of establishing disability is on the claimant. *Kirkland v. Weinberger*, 480 F.2d 46 (5th Cir. 1973). The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078 (5th Cir. 1981). A claimant seeking Social Security disability benefits must demonstrate that she suffers from an impairment that prevents her from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. § 404.1, *et seq*.

Under the regulations, the Commissioner uses a five-step procedure to determine if

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

a claimant is disabled. 20 C.F.R. § 404.1520, Appendix 1, Part 404. First, the Commissioner determines whether the claimant is working. If not, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. Second, the Commissioner determines the severity of the claimant's impairment or combination of impairments. Next, the Commissioner determines whether the claimant's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the regulations (the "Listing"). Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. Finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984). The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

## ISSUES

I.  **Whether the ALJ properly completed the Psychiatric Review Technique Form (PRTF).**

II. **Whether the ALJ properly evaluated Claimant's subjective complaints.**

**Administrative Proceedings**

Claimant filed for disability benefits on or about June 22, 2004. (T-14). Claimant's application was denied initially and on reconsideration. (T-44-49). Claimant then filed a request for a hearing before an ALJ, which was held on October 3, 2007, in Athens, Georgia. (T-32-33, 43, 268-302). Subsequent to the hearing, the ALJ found that the Claimant was not disabled in a decision dated October 23, 2007. (T-14-26). Thereafter, the Appeals Council denied Claimant's requested review of the ALJ's findings, making the ALJ's decision the final decision of the Commissioner. (T-4-6).

**Statement of Facts and Evidence**

Claimant alleges a disability beginning April 1, 1996, due to affective and panic disorders, borderline intellectual functioning, and anxiety. (T-17-18). After examining the medical records, the ALJ determined that Claimant suffers from organic brain, affective and anxiety disorders, impairments which he found to be severe within the meaning of the Regulations but not severe enough to meet, or medically equal, any of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1. (T-25). After a thorough review of the record, the ALJ found that Claimant has a residual functional capacity (RFC) limiting her to simple, routine tasks involving only low stress and low contact with others. (T-25). Accordingly, the ALJ made a finding of "not disabled."

## DISCUSSION

**I.      Did the ALJ properly complete the PRTF?**

Claimant argues that the ALJ failed to properly evaluate her mental health condition in accordance with the "special technique" set out in 20 C.F.R. §§ 404.1520a and 416.920a. (R-9, pp. 8-13). The Eleventh Circuit has held that "where a Claimant has presented a colorable claim of mental impairment, the social security regulations require the ALJ to complete a PRTF, append it to the decision, or incorporate its mode of analysis into his findings and conclusions. Failure to do so requires remand." *Moore v. Barnhart*, 405 F.3d 1208, 1214 (11th Cir. 2005). Via the "special technique" prescribed by the Regulations, an ALJ is required to assess the effect of the claimant's mental impairment on the four functional areas of: activities of daily living; social functioning; concentration, persistence or pace; and episodes of decompensation. *Id.*

In this case, the ALJ found that Claimant had two severe mental impairments since March 2005: an affective disorder and a panic disorder. (T-19). The ALJ noted only one complaint of anxiety in 2002 and no evidence of any impairment before March 2005. (T-18-19). After a thorough review of the medical evidence in the record, the ALJ concluded that Claimant was mildly limited in activities of daily living; moderately limited in the area of social functioning; and moderately limited in concentration, persistence and pace. (T-20-21). Additionally, Claimant had no episodes of decompensation. (T-21). Thus, it is found that the ALJ explicitly applied the PRTF analysis, and substantial evidence supports the ALJ's assessment of Claimant's functional limitations in the four areas described above.

To the extent Claimant disagrees with the ALJ's evaluation of Claimant's degree of impairment in each area, this Court notes that it may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner. Claimant argues that the ALJ misrepresented the record evidence when evaluating Claimant in the area of concentration, persistence or pace. (R-9, pp. 9-10). However, the ALJ acknowledged Claimant's limitations by his Finding of "moderately limited" and supported his assessment by identifying several of Claimant's daily tasks and reviewing the opinion of Dr. Payne. (T-21). Additionally, other record evidence supports Claimant's aptitude in this area, including her ability to count backwards from 100 by sevens. (T-211).

It is true that the ALJ misstated the record when basing his assessment that Claimant was moderately limited in the area of concentration, persistence or pace, in part on a finding that Claimant did not allege any medication side-effects; however any error is harmless. Ultimately, the claimant is burdened with proving the severity of her impairments. *Cowart v. Schweiker*, 662 F.2d 731 (11th Cir. 1981); 20 C.F.R. §§ 404.1512(a) and (c); 416.912(a) and (c). Thus, the claimant is tasked with providing the ALJ with enough evidence to make a decision. The regulations setting forth the special technique prescribed for evaluating the severity of a claimant's mental impairments state that the side effects of a medication are relevant to the claimant's degree of functional limitation. 20 C.F.R. § 404.1520a(c). Here, Claimant points to a medical record indicating complaints of nervousness and nausea associated with Paxil. (R-9, p. 10; T-203). That same medical record reports that Claimant requested not to take anything except Valium. (T-203). No error is found because Claimant

6

has failed to carry her burden of proof in that she has failed to sufficiently develop her argument that the side effects of her medication affected her ability to function. *See Passopulos v. Sullivan*, 976 F.2d 642, 648 (11th Cir. 1992). For instance, Claimant has not shown and does not now allege that her inability to take Paxil exacerbated the severity of her condition or that her condition was not adequately managed with a regimen of a different drug with manageable side-effects. Additionally, as discussed below in Section II, the ALJ properly deemed Claimant's subjective complaints questionable. Since Claimant has failed to carry her burden of proof, and given that the ALJ specifically acknowledged Claimant's mild or moderate limitations in each of the PRTF areas, any error from the ALJ's misstatement is harmless.

Claimant also challenges the ALJ's findings regarding her mild limitation in activities of daily living and moderate limitation in social functioning, citing evidence she believes weighs in favor of more rigorous limitations. (R-9, p. 10). However, Claimant has not cited any evidence or authority that would rise to the level of forcing this Court to question the reasonableness of the ALJ's assessment of Claimant's limitations.

Regarding Claimant's argument that her performance would deteriorate in an actual employment setting, no error is found. Specifically, Claimant argues that the ALJ failed to properly ascertain her ability to perform work in the context of the stresses of employment pursuant to the introductory paragraph of Listing 12.04[2] and "should have sought additional

---

[2] Listing 12.04 does not appear to contain the quote Claimant sets forth in her brief. (R-9, p. 11).

clarification as to how this would affect Claimant's residual functional capacity." (R-9, p. 10-11).  SSR 96-8p cautions:

> The psychiatric review technique described in 20 CFR 404.1520a and 416.920a and summarized on the Psychiatric Review Technique Form (PRTF) requires adjudicators to assess an individual's limitations and restrictions from a mental impairment(s) in categories identified in the "paragraph B" and "paragraph C" criteria of the adult mental disorders listings.  The adjudicator must remember that the limitations identified in the "paragraph B" and "paragraph C" criteria are not an RFC assessment but are used to rate the severity of mental impairment(s) at steps 2 and 3 of the sequential evaluation process. The mental RFC assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment by itemizing various functions contained in the broad categories found in paragraphs B and C of the adult mental disorders listings in 12.00 of the Listing of Impairments, and summarized on the PRTF.

Determining the claimant's RFC requires the ALJ to identify all functional limitations and work-related abilities on a function-by-function basis, based on all of the relevant evidence in the case record.  *Id.*  Because we have found that the ALJ properly applied the PRTF, no error exists as to the ALJ's assessment of the severity of Claimant's mental limitations at steps 2 and 3 of the sequential evaluation process.  Additionally, it is found that the ALJ adequately reviewed the record as to Claimant's RFC.  Taking into account "all other possible work-related limitations and restrictions" and Claimant's credibility, the ALJ properly concluded that substantial evidence in the record supports moderate mental work related limitations. (T-24).

   Regarding Claimant's argument that the ALJ should have sought an additional medical opinion regarding Claimant's work-related limitations, no error is found.  It is true

8

that because a hearing before an ALJ is not an adversary proceeding, an ALJ has a basic duty to develop a full and fair record. *Cowart,* 662 F.2d at 735. When a claimant is not represented by counsel and has not waived the right to counsel, the ALJ has a special duty to ensure that favorable as well as unfavorable facts and circumstances are elicited for review. *Id.*; *see also Smith v. Schweiker*, 677 F.2d 826, 829 (11th Cir. 1982); *McConnell v. Schweiker*, 655 F.2d 604, 606 n.2 (5th Cir. 1981). In the instant action, the record demonstrates that Claimant was represented by counsel. Thus, the ALJ's duty was not a special duty.

Even in the case of a special duty, "there must be a showing of prejudice before it is found that the claimant's right to due process has been violated to such a degree that the case must be remanded to the [Commissioner] for further development of the record." *Graham v. Apfel*, 129 F.3d 1420, 1423 (11th Cir. 1997). Moreover, the initial burden of establishing disability is on the claimant, not the Commissioner. *Kirkland,* 480 F.2d at 48. If Claimant believed that medical evidence was missing from the record, then the burden was upon her to bring forth this evidence. The ALJ must only order consultative exams and tests when they are required in order to make an informed decision. *Reeves v. Heckler*, 734 F.2d 519, 522 (11th Cir. 1984). However, an ALJ is not required to order additional consultative examinations if he does not find them necessary to make an informed decision.

Here, the ALJ acknowledges that "no treating source has offered an opinion on the claimant's ability to work." (T-23). However, the ALJ cites a treating clinic's assessment that Claimant suffered from moderate depression and considers this an opinion on Claimant's

9

ability to work. *Id*. The ALJ also emphasizes "that no medical source has considered the claimant unable to work." (T-24). While it is true that a physician's silence regarding a claimant's ability to work is equally susceptible to either inference, the ALJ's finding that only moderate mental work related limitations apply to Claimant is supported by other, substantial evidence in the record. *Id*.; *Lamb v. Bowen*, 847 F.2d 698, 703 (11th Cir. 1988). There is no evidence that the ALJ needed additional consultative examinations to make an informed decision. In this case, although the ALJ's decision may not be as thorough as Claimant may have wished, remand requiring the ALJ to make additional findings would serve no purpose as the record fails to reveal the kind of evidentiary gaps that necessarily result in unfairness or clear prejudice. *See Graham,* 129 F.3d at 1423. The ALJ applied the proper evidentiary standards, and no error is found.

## II.     Did the ALJ properly evaluate Claimant's subjective complaints?

Claimant argues that the ALJ erred by failing to properly evaluate her symptoms in accordance with 20 C.F.R. §§ 404.1529, 416.929, and SSR 96-7p. (R-9, p. 11). Specifically, Claimant argues that the ALJ erred by failing to find the existence of a severe impairment before March 2005 and by failing to discuss the location, duration, frequency and intensity of pain or other symptoms; precipitating and aggravating factors; and the type, dosage, effectiveness and side effects of medication. (R-9, p. 12). Notably, Claimant's brief gives little detail as to exactly what factors she contends that the ALJ failed to consider.

20 C.F.R. § 416.929(a), in relevant part, states that:

> Statements about your pain or other symptoms will not alone

10

> establish that you are disabled; there must be medical signs and laboratory findings which show that you have a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all of the other evidence (including statements about the intensity and persistence of your pain or other symptoms which may reasonably be accepted as consistent with the medical signs and laboratory findings), would lead to a conclusion that you are disabled.

Moreover, the mere existence of impairments does not establish disability; instead, the ALJ must determine how a claimant's impairments limit her ability to work. *Moore*, 405 F.3d at 1213, n.6.

Regarding credibility, Social Security Regulation 96-7p reads:

> In determining the credibility of the individual's statements, the adjudicator must consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record. An individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence.

The ALJ must "clearly articulate explicit and adequate reasons for discrediting the claimant's allegations of completely disabling symptoms." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quotations and citations omitted). While "[t]he credibility determination does not need to cite particular phrases or formulations," it must sufficiently indicate that the ALJ considered the claimant's medical condition as a whole. *Id*. (quotations and citations

11

omitted).

Here, the ALJ observed:

> The claimant's appearance at the hearing gave the impression of a degree of mental limitation that would preclude all work. If the medical record at any time since the alleged date had supported this degree of limitation, I would not hesitate to find that her mental condition at least at some time has met the listing criteria or otherwise imposed work-related restrictions that preclude all work.

(T-20). Ultimately, the ALJ found that, although Claimant appeared to testify truthfully, her testimony was less than fully credible. (T-22). The ALJ found that the record contains no evidence of any impairment before March 2005 and reports only moderate depression and anxiety after that time. *Id*. Specifically, the ALJ states that the record does not confirm Claimant's allegations "that she rarely leaves home alone, cannot maintain concentration or has had panic attacks so often that they have prevented her from sustaining work and school." *Id*.

In limiting Claimant's credibility to the extent supported by the medical evidence, the ALJ extensively considered the record, including the state agency medical opinions, Dr. Payne's consultative examination, and Claimant's hearing testimony. Based on the statements recounted above, it is found that the ALJ sufficiently took into account the location, duration, frequency and intensity of Claimant's pain or other symptoms, as well as any precipitating and aggravating factors, when assessing Claimant's credibility. In fact, the ALJ recognized Claimant's mental limitations by limiting her to simple, routine tasks involving low stress and low contacts with others. (T-23). Otherwise, the ALJ clearly

articulated explicit and adequate reasons for discrediting Claimant's testimony, and no error is found.

Regarding Claimant's challenge to the ALJ's Finding that Claimant failed to establish the existence of a medically determinable impairment prior to 2005, Respondent notes that Claimant submitted only two records from 2002 (T-233-26), no records from 2003, and one record from 2004 (T-231-32). (R-10, p. 11). Although these sparse records support a diagnosis of anxiety and other mental limitations, Claimant has failed to carry her burden of showing that such limitations rose to the level of a disability.

Regarding Claimant's argument that the ALJ failed to take into account her medication side effects, we determined that the ALJ did not err in Section I above. Claimant repeats this argument within her challenge to the ALJ's credibility assessment. (R-9, pp. 12-13). Aside from listing her various medications from 2002 to 2007, Claimant fails to identify any other side effects than those she suffered from Paxil. *Id.* Accordingly, Claimant has failed to show that the ALJ's omission of a discussion of side effects is anything more than harmless error. Remand only to have the ALJ perfect the record would serve no practical purpose, would not alter the ALJ's findings, and would be a waste of judicial and administrative resources. *See Graham*, 129 F.3d at 1423; *Ware v. Schweiker*, 651 F.2d 408, 412 (5th Cir. 1981); *see also Ward v. Comm'r of Soc. Sec.*, 211 F.3d 652, 656 (1st Cir. 2000) ("a remand is not essential if it will amount to no more than an empty exercise"); *Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989) ("No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe

13

that the remand might lead to a different result.").

## CONCLUSION

Based on the evidence presented, no basis is found for Claimant's contention that the ALJ committed error. The record fails to reveal any evidence that the ALJ acted outside of his judicial role in determining the extent of Claimant's disability.

**WHEREFORE**, it is the recommendation to the United States District Judge that the decision of the defendant Commissioner of Social Security be **AFFIRMED**. Pursuant to 28 U.S.C. § 636(b)(1), Claimant may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within ten (10) days after being served a copy of this recommendation.

THIS the 16th day of March, 2009.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

lml